IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED SILICON TECHNOLOGIES, LLC,<br>    Plaintiff,<br><br>            v.<br><br>FUJITSU TEN LIMITED AND FUJITSU TEN<br>CORP. OF AMERICA, INC.,<br>    Defendants. | Civil Action No.<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Advanced Silicon Technologies, LLC ("Advanced Silicon" or "Plaintiff"), brings this action for patent infringement against Defendants Fujitsu Ten Limited and Fujitsu Ten Corp. of America, Inc.(collectively, "Fujitsu" or "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code. Advanced Silicon seeks remedies for Defendants' infringement of Advanced Silicon's U.S. Patent Nos. 6,339,428 ("the '428 Patent"), 6,546,439 ("the '439 Patent"), and 6,630,935 ("the '935 Patent").

## THE PARTIES

2.  Advanced Silicon is a Delaware limited liability company, with a principal place of business at 118 Maplewood Avenue Unit C-2/Box 8, Portsmouth, NH 03801.

3.  On information and belief, Fujitsu Ten Limited is a corporation organized and existing under the laws of Japan, with its principal place of business at 1-2-28, Gosho-dori, 1-chome, Hyogo-ku, Kobe, Hyogo, Japan 652-8510.

4. On information and belief, Fujitsu Ten Corp. of America, Inc. is a California corporation headquartered at 30155 Hudson Dr., Novi, MI 48377.

## JURISDICTION AND VENUE

5. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

6. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

7. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c).

8. This Court has personal jurisdiction over Fujitsu by virtue of, *inter alia*, (i) committing at least a portion of the infringements alleged herein within this district; and (ii) regularly doing business or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from good and services provided to individuals in this district.

## THE PATENTS

9. United States Patent No. 6,339,428 is entitled "Method and Apparatus for Compressed Texture Caching in a Video Graphics System," and issued January 15, 2002 to inventors Mark C. Fowler, Paul Vella, and Michael T. Wright. The '428 Patent issued from United States Patent Application No. 09/356,398 filed on July 16, 1999. A copy of the '428 Patent is attached hereto as Exhibit A.

10. United States Patent No. 6,546,439 is entitled "Method and System for Improved Data Access," and issued April 8, 2003 to inventors Geoffrey S. Strongin and Qadeer A. Qureshi. The '439 Patent issued from United States Patent Application No. 09/207,970 filed on December 9, 1998. A copy of the '439 Patent is attached hereto as Exhibit B.

11. United States Patent No. 6,630,935 is entitled "Geometric Engine Including a Computational Module for use in a Video Graphics Controller," and issued October 7, 2003 to inventors Ralph Clayton Taylor, Michael Andrew Mang, and Michael Mantor. The '935 Patent issued from United States Patent Application No. 09/556,474 filed on April 21, 2000. A copy of the '935 Patent is attached as Exhibit C.

12. Advanced Silicon is the lawful assignee and owner of all right, title and interest in and to the '428 Patent, the '439 Patent, and the '935 Patent.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

13. Fujitsu has infringed and continues to infringe at least four of Advanced Silicon's patents that cover important aspects of automotive infotainment systems, head-end units, navigation systems, graphics processors, microprocessors, integrated circuits, and other computing and graphics-capable electronic devices, and automobiles containing such components, including automotive assemblies containing one or more microprocessors and/or graphics processors and other products containing the same, including without limitation, head units, infotainment systems, and digital dashboards (the "Exemplary Fujitsu Products").

14. Advanced Silicon incorporates by reference in its allegations herein certain claim charts comparing the exemplary independent claims of the Patents-in-Suit to certain Exemplary Fujitsu Products which include automotive infotainment systems and the automobiles containing same.

15. Specifically, Exhibits D, E, and F are exemplary charts comparing the exemplary independent claims of the Patents-in-Suit to the Toyota Corolla Infotainment system, which includes a Fujitsu-Ten 138000-5130D101 head unit, and Toyota Corolla vehicles containing the

same.  Exhibit G includes photographs of the Toyota Corolla Infotainment system and demonstrates that it incorporates a Fujitsu-Ten 138000-5130D101 head unit.

16. As set forth in these charts, the Fujitsu-Ten head unit provides circuitry and functionality that practices, in whole or in material part, the technology claimed by the Patents-in-Suit.  Advanced Silicon believes that the Fujitsu-Ten head unit is exemplary of numerous other products that include Exemplary Fujitsu Products made, used, sold, imported, and offered for sale by Fujitsu or that include components provided by Fujitsu because such other products feature the same or substantially similar infringing functionality.  Accordingly, on information and belief, numerous other devices that infringe the claims of the Patents-in-Suit have been made, used, sold, imported, and offered for sale by Fujitsu and/or its customers.

## COUNT I
### (Fujitsu' Infringement of the '428 Patent)

17. Paragraphs 1 through 17 are incorporated by reference as if fully restated herein.

18. Advanced Silicon is the assignee and lawful owner of all right, title and interest in and to the '428 Patent.

19. The '428 Patent is valid and enforceable.

20. Fujitsu has infringed, and is still infringing, the '428 Patent in at least this District by making, using, offering to sell, selling and/or importing Exemplary Fujitsu Products that infringe at least exemplary claims 1-6, 8-9, 10-14, 16-17, and 25-29 of the '428 Patent (the "Exemplary '428 Patent Claims") literally or by the doctrine of equivalence. For example, the Exemplary Fujitsu Products include a Fujitsu-Ten 138000-5130D101 head unit and other similar devices that directly infringe the Exemplary '428 Patent Claims.

21. On information and belief, Fujitsu directly infringes, and is contributing to and/or inducing the infringement of the '428 Patent by, at least, Toyota in the exemplary products 2016

Toyota Corolla Infotainment system. On information and belief, Fujitsu designs, manufactures, and sells the Exemplary Fujitsu Products which directly infringe and, if used for their normal and intended purpose, lead to direct infringement of the invention claimed in the '428 Patent. Fujitsu actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '428 Patent by manufacturing and selling the Exemplary Fujitsu Products which if used for their normal and intended purpose lead to direct infringement of the invention claimed in the '428 Patent. There are no substantial non-infringing uses of the Exemplary Fujitsu Products. Fujitsu knows and intends that the components will be used in their ordinary and customary manner for their intended purpose, namely to facilitate computing and graphics, as evidenced by at least product literature distributed in connection with the subject components by Fujitsu.

22. Prior to the filing of this complaint, Fujitsu had actual knowledge of the '428 and that the Exemplary Fujitsu Products and the products incorporating them are imported into, sold, offered for sale, and used in the United States. *See* Exhibit H, Letter to Fujitsu dated December 18, 2015.

23. In addition to actual knowledge of the '428 Patent, prior to the filing of this complaint, Fujitsu also had knowledge that use of the Exemplary Fujitsu Products in devices by, among others, Toyota, and the use by consumers of the devices into which the Exemplary Fujitsu Products are incorporated, in the customary and intended manner, is likely to infringe the '428 Patent. *See* Exhibit H, Letter to Fujitsu dated December 18, 2015. On information and belief, Fujitsu has continued to sell the Exemplary Fujitsu Products and distribute product literature and website materials inducing Toyota and others to use its products in the customary and intended

manner which infringes the '428 Patent. Thus, on information and belief, Fujitsu is contributing to and/or inducing the infringement of the '428 Patent.

24. Exhibit E includes charts comparing exemplary independent claims 1, 10, and 25 of the '428 Patent to the Toyota Corolla Infotainment system, which includes a Fujitsu head unit, and the 2016 Toyota Corolla vehicles containing the same. As set forth in this chart, the Exemplary Fujitsu Products provide highly relevant circuitry and functionality that practices, in whole or in part, the technology claimed by the '428 Patent. Accordingly, the Exemplary Fujitsu Products incorporated in the charted systems satisfy one or all elements of claims 1, 10, and 25 of the '428 Patent.

25. Advanced Silicon is entitled to recover damages adequate to compensate for Fujitsu' infringement.

## COUNT II
### (Fujitsu' Infringement of the '439 Patent)

26. Paragraphs 1 through 26 are incorporated by reference as if fully restated herein.

27. Advanced Silicon is the assignee and lawful owner of all right, title and interest in and to the '439 Patent.

28. The '439 Patent is valid and enforceable.

29. Fujitsu has infringed, and is still infringing, the '439 Patent in at least this District by making, using, offering to sell, selling and/or importing products that infringe at least claims 1 – 11, and 14 – 16 of the '439 Patent (the "Exemplary '439 Patent Claims") literally or by the doctrine of equivalence. For example, Exemplary Fujitsu Products, including the Fujitsu' head unit infringes the Exemplary '439 Patent Claims.

30. On information and belief, Fujitsu directly infringes, and is contributing to and/or inducing the infringement of the '428 Patent by, at least, Toyota in the 2016 Toyota Corolla

Infotainment system. On information and belief, Fujitsu designs, manufactures, and sells the Exemplary Fujitsu Products which directly infringe and, if used for their normal and intended purpose, lead to direct infringement of the invention claimed in the '439 Patent. Fujitsu actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '439 Patent by manufacturing and selling the Exemplary Fujitsu Products which if used for their normal and intended purpose lead to direct infringement of the invention claimed in the '439 Patent. There are no substantial non-infringing uses of the Exemplary Fujitsu Products. Fujitsu knows and intends that the components will be used in their ordinary and customary manner for their intended purpose, namely to facilitate computing or graphics, as evidenced by at least product literature distributed in connection with the subject products by Fujitsu.

31. Prior to the filing of this complaint, Fujitsu had actual knowledge of the '439 Patent and that the Exemplary Fujitsu Products and the products incorporating them are imported into, sold, offered for sale, and used in the United States. *See* Exhibit H, Letter to Fujitsu dated December 18, 2015.

32. In addition to actual knowledge of the '439 Patent, prior to the filing of this complaint, Fujitsu also had knowledge that use of the Exemplary Fujitsu Products in devices by, among others, Toyota, and the use by consumers of the devices into which such the Exemplary Fujitsu Products are incorporated, in the customary and intended manner, is likely to infringe the '439 Patent. *See* Exhibit H, Letter to Fujitsu dated December 18, 2015. On information and belief, Fujitsu has continued to sell the Exemplary Fujitsu Products and distribute product literature and website materials inducing Toyota and others to use its products in the customary

and intended manner which infringes the '439 Patent. Thus, on information and belief, Fujitsu is contributing to and/or inducing the infringement of the '439 Patent.

33.     Exhibit E includes charts comparing exemplary independent claim 1 of the '439 Patent to the Toyota Corolla Infotainment system, Fujitsu had unit, and Toyota Corolla vehicles containing the same. As set forth in the chart, the Exemplary Fujitsu Products provide highly relevant circuitry and functionality that practices, in whole or in part, the technology claimed by the '439 Patent. Accordingly, the Toyota Corolla Infotainment system and vehicles containing the same infringe at least independent claim 1 of the '439 Patent and the Exemplary Fujitsu Products incorporated in the charted systems satisfy one or more elements of claim 1 of the '439 Patent.

34.     Advanced Silicon is entitled to recover damages adequate to compensate for Fujitsu' infringement.

## COUNT III
**(Fujitsu' Infringement of the '935 Patent)**

35.     Paragraphs 1 through 33 are incorporated by reference as if fully restated herein.

36.     Advanced Silicon is the assignee and lawful owner of all right, title and interest in and to the '935 Patent.

37.     The '935 Patent is valid and enforceable.

38.     Fujitsu has infringed, and is still infringing, the '935 Patent in at least this District by making, using, offering to sell, selling and/or importing the Exemplary Fujitsu Products that infringe at least exemplary claims 1, 2, and 4 – 8 of the '935 Patent literally or by the doctrine of equivalence. For example, the Exemplary Fujitsu Products, including the Fujitsu head unit, infringe the '935 Patent.

and intended manner which infringes the '439 Patent. Thus, on information and belief, Fujitsu is contributing to and/or inducing the infringement of the '439 Patent.

33.     Exhibit E includes charts comparing exemplary independent claim 1 of the '439 Patent to the Toyota Corolla Infotainment system, Fujitsu had unit, and Toyota Corolla vehicles containing the same.  As set forth in the chart, the Exemplary Fujitsu Products provide highly relevant circuitry and functionality that practices, in whole or in part, the technology claimed by the '439 Patent.  Accordingly, the Toyota Corolla Infotainment system and vehicles containing the same infringe at least independent claim 1 of the '439 Patent and the Exemplary Fujitsu Products incorporated in the charted systems satisfy one or more elements of claim 1 of the '439 Patent.

34.     Advanced Silicon is entitled to recover damages adequate to compensate for Fujitsu' infringement.

## COUNT III
**(Fujitsu' Infringement of the '935 Patent)**

35.     Paragraphs 1 through 33 are incorporated by reference as if fully restated herein.

36.     Advanced Silicon is the assignee and lawful owner of all right, title and interest in and to the '935 Patent.

37.     The '935 Patent is valid and enforceable.

38.     Fujitsu has infringed, and is still infringing, the '935 Patent in at least this District by making, using, offering to sell, selling and/or importing the Exemplary Fujitsu Products that infringe at least exemplary claims 1, 2, and 4 – 8 of the '935 Patent literally or by the doctrine of equivalence. For example, the Exemplary Fujitsu Products, including the Fujitsu head unit, infringe the '935 Patent.

39. On information and belief, Fujitsu directly infringes, and is contributing to and/or inducing the infringement of the '935 Patent by, at least, Toyota as seen in the 2016 Toyota Corolla Infotainment system. On information and belief, Fujitsu designs, manufactures, and sells the Exemplary Fujitsu Products which directly infringe and, if used for their normal and intended purpose, lead to direct infringement of the invention claimed in the '935 Patent. Fujitsu actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '935 Patent by manufacturing and selling the Exemplary Fujitsu Products which if used for their normal and intended purpose lead to direct infringement of the invention claimed in the '935 Patent. There are no substantial noninfringing uses of the Exemplary Fujitsu Products. Fujitsu knows and intends that the Exemplary Fujitsu Products. will be used in their ordinary and customary manner for their intended purpose, namely to facilitate computing or graphics, as evidenced by at least product literature distributed in connection with the subject components by Fujitsu.

40. Prior to the filing of this complaint, Fujitsu had actual knowledge of the '935 Patent and that the products incorporating them are imported into, sold, offered for sale, and used in the United States. *See* Exhibit H, Letter to Fujitsu dated December 18, 2015.

41. In addition to actual knowledge of the '935 Patent, prior to the filing of this complaint, Fujitsu also had knowledge that use of Exemplary Fujitsu Products in devices by, among others, Toyota, and the use by consumers of the devices into which such Exemplary Fujitsu Products are incorporated, in the customary and intended manner, infringes the '935 Patent. *See* Exhibit H, Letter to Fujitsu dated December 18, 2015. On information and belief, Fujitsu has continued to sell the Exemplary Fujitsu Products. and distribute product literature and website materials inducing Toyota, and others to use its products in the customary and intended

manner which infringes the '935 Patent. Thus, on information and belief, Fujitsu is contributing to and/or inducing the infringement of the '935 Patent.

42. Exhibit F includes charts comparing independent claim 1 of the '935 Patent to the Toyota Corolla Infotainment system, Fujitsu head unit thereof, and 2015 Toyota Corolla vehicles containing the same. As set forth in these charts, the Exemplary Fujitsu Products provide highly relevant circuitry and functionality that practices, in whole or in part, the technology claimed by the '935 Patent. Accordingly, the Exemplary Fujitsu Products incorporated in the charted systems satisfy one or more elements of claim 1 of the '935 Patent.

43. Advanced Silicon is entitled to recover damages adequate to compensate for Fujitsu's infringement.

44. imported into, sold, offered for sale, and used Advanced Silicon is entitled to recover damages adequate to compensate for Fujitsu' infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) A judgment that the '428 Patent, the '439 Patent, and the '935 Patent are valid and enforceable.

b) A judgment that Defendants have infringed, contributorily infringed, and/or induced infringement of one or more claims of the '428 Patent;

c) A judgment that Defendants have infringed, contributorily infringed, and/or induced infringement of one or more claims of the '439 Patent;

d) A judgment that Defendants have infringed, contributorily infringed, and/or induced infringement of one or more claims of the '935 Patent; and

e) A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre or post judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendants' infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action;

  ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: December 21, 2015

Of Counsel:
Michael T. Renaud
James M. Wodarski
Andrew H. DeVoogd
Marguerite McConihe
Adam S. Rizk
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
mtrenaud@mintz.com

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware, 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com

- 12 -

jwodarski@mintz.com
ahdevoogd@mintz.com
mmcconihe@mintz.com
arizk@mintz.com

*Attorneys for Advanced Silicon Technologies, LLC*